UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO  5:18CV-62-TBR

ALLISON L. ALEXANDER                                                                    PLAINTIFF

VS.

TONYA RAY, Individually and in her capacity
as the Jailer for McCracken County
Serve: Tonya Ray
      400 South 7th Street
      Paducah KY 42003
Via:   Certified Mail, Return Receipt Requested

AND

CHAD CAMPBELL, Individually and in his capacity
as an employee of McCracken County Jail
Serve:  Chad Campbell
      200 Division Street
      Grand Rivers, KY 42045
Via:   Certified Mail, Return Receipt Requested

AND

MCCRACKEN COUNTY, KENTUCKY                                                DEFENDANTS
Serve:  Bob Leeper
      McCracken County Judge Executive
      McCracken County Courthouse
      300 South 7th Street
      Paducah KY 42003
Via:   Certified Mail, Return Receipt Requested

**VERIFIED COMPLAINT WITH JURY DEMAND**

      Comes the Plaintiff Allison L. Alexander, by and through her attorneys, and hereby submits the following for her Complaint and Jury Demand against the Defendants as captioned above:

## IDENTITY OF PARTIES, JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331, which gives District Courts original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

2. This Court also has subject matter jurisdiction pursuant to 28 USC 1343, which gives district courts original jurisdiction over any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom, or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and any civil action to recover damages or to secure equitable relief under any act of Congress providing for the protection of civil rights.

3. Plaintiff brings this action to redress a hostile work environment and/or a quid pro quo attempt pursuant to Title VII of the Civil Rights Act of 1964 which prohibits employers from "discriminating against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 USC 2000e-2(a)(1).

4. Plaintiff also brings this action to redress the deprivation of her constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 USC 1982.

5. Venue is proper in this district pursuant to 28 USC 1391 (b), as the events giving rise to the claims occurred in this district.
6. Plaintiff is also bringing pendant State law claims.
7. Plaintiff has been a citizen of the Commonwealth of Kentucky since August 2017.
8. Defendant Tonya Ray is the jailer for McCracken County, Kentucky.
9. Defendant Chad Campbell was a coporal jailer and the supervisor of Plaintiff during a portion of her time of employment at the jail.
10. Defendant McCracken County, Kentucky is a county government duly organized under Kentucky law and employs Defendant Ray and employed Defendant Campbell and employed Plaintiff Alexander at the time of the actions that gave rise to this complaint.

**FACTUAL ALLEGATIONS COMMON TO ALL PARTS OF THE COMPLAINT**

1. Plaintiff was employed by the McCracken County Jail from on or about May 2, 2016 until October 17, 2017.
2. During her time of employment, Plaintiff had the position of Deputy and was promoted to Program Assistant MRT Instructor.
3. Beginning in February of 2017, Plaintiff was subjected to a deprivation of her civil rights in the form of sexual harassment.
4. Her supervisor was Corporal Chad Campbell. He subjected her to sexual harassment on multiple occasions at the jail, more specifically described as unwanted kisses; inappropriate physical contact by touching her body on her breasts and her buttocks; requests for sexual acts or favors, accompanied by threats or promises relating to her position and career path based on her

acquiescence or refusal to said requests; and lewd and sexually suggestive comments and jokes.

5. This eventually led to sexual assault, for which Campbell has been charged in the criminal division of the McCracken Circuit Court.

6. The harassment was reported to another supervisor and Defendant Tonya Ray herself.  No action was taken against Defendant Campbell.

7. Defendant Campbell was already under investigation for sexually assaulting other inmates several months before and in the days prior to the sexual assault of this Plaintiff.

8. A portion of Campbell's final assault on the Plaintiff was captured by the cameras at the jail, and the footage was last in the possession of the McCracken County Jail and/or Defendant Ray. She refuses to either produce the footage now and/or claims that it has been lost.

9. Plaintiff Alexander was forced to surrender her job due to concern for her physical, emotional, and mental well-being as a consequence of being sexually assaulted at her employment and Defendant Ray refusing to take any action to investigate the allegations or protect the Plaintiff.

10. Defendant Ray's attitude towards sexual crimes being committed seemed to be one of approval and a means of making sure that she did not face any political opposition from her employees.

### COUNT I, HOSTILE WORK ENVIRONMENT

1. Plaintiff is a member of a protected class under the Civil Rights Act of 1964. Specifically, she is a woman.

2. Plaintiff was subjected to unwelcome sexual harassment on multiple occasions at the jail, more specifically described as unwanted kisses; inappropriate physical contact by touching her body on her breasts and her buttocks; requests for sexual acts or favors, accompanied by threats or promises relating to her position and career path based on her acquiescence or refusal to said requests; and lewd and sexually suggestive comments and jokes.

3. All of this occurred during the period of time from February of 2017 through May of 2017.  The most egregious incident of unwelcome sexual harassment was when Campbell digitally penetrated Plaintiff's vagina against her will.

4. The harassment complained of herein was based on Plaintiff's sex.

5. The sexual harassment created a hostile work environment.  Having unwanted kisses, touches, and digital penetration is a stark example of a hostile work environment.

6. The employer, Defendant McCracken County and Defendant Ray, is liable for this contact because it was reported by the Plaintiff and the employer knew or should have known of the conduct and the employer failed to take prompt and corrective action. Further, Defendant McCracken County Jail and Defendant Ray were aware of the previous conduct of Defendant Campbell during previous employments when he was hired, as well as during his employment at the McCracken County Jail against female inmates, and still failed to investigate Plaintiff's complaints or take any disciplinary actions against Defendant Campbell.

7. Plaintiff has had her rights deprived and the deprivation has caused her damages, including physical and mental pain and suffering, lost wages, humiliation and embarrassment.
8. The Defendants' acts and omissions also justify a request for punitive damages.
9. Plaintiff is entitled to seek compensation for her damages and punitive damages.

### COUNT II, QUID PRO QUO HARRASSMENT

1. Plaintiff reaffirms and realleges all previous allegations as if fully restated here, and further states:
2. Plaintiff was a member of a protected class under the Civil Rights Act of 1964, specifically, she is a woman.
3. The harassment complained of herein was based on Plaintiff's sex.
4. At times during the harassment, Defendant Campbell attempted to cajole the Plaintiff into not reporting the harassment and into continuing and escalating sexual activity with him by implying that he could either advance her career or make her work easier or more difficult. Defendant Ray showed implied support for these actions by not only refusing to take disciplinary action against Defendant Campbell but also by promoting him to higher paid positions in the McCracken County Jail. These actions constitute an attempted quid pro quo.
5. Plaintiff claims the same damages as in Count I.

### COUNT III, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. Plaintiff reaffirms and realleges all previous allegations as if fully restated here, and further states:

2. The conduct of Defendants Ray and Campbell was intentional. Defendant Campbell intentionally harassed and assaulted Plaintiff, and Defendant Ray intentionally ignored the issue.
3. Sexually assaulting the Plaintiff was the intentional infliction of extreme emotional distress upon the Plaintiff, the type of act not condoned by a civilized society.
4. The failure of Defendant Ray to act on the harassment by Defendant Campbell was equally outrageous and the intentional infliction of emotional distress upon the Plaintiff.
5. Plaintiff claims the same damages as in Count I.

### COUNT IV, ASSAULT AND BATTERY

1. Plaintiff reaffirms and re-alleges all previous allegations as if fully restated here, and further states:
2. Campbell's actions against Plaintiff constitute an assault and battery.
3. Defendants have deprived Plaintiff of her rights under Kentucky Tort law.
4. Defendants Ray and McCracken County are vicariously liable for the offenses of Campbell.
5. Plaintiff claims the same damages as in Count I.

### COUNT V, NEGLIGENCE

1. Plaintiff reaffirms and realleges all previous allegations as if fully restated here, and further states:
2. Each Defendant's acts and omissions were negligent, reckless or wanton.
3. The actions were a substantial factor in bringing about the injuries Plaintiff has previously listed.

4. Defendant McCracken County is directly negligent and vicariously liable for its deliberate indifference.

5. Plaintiff claims the same damages as in Count I.

### COUNT VI, NEGLIGENT HIRING, SUPERVISION, AND RETENTION

1. Plaintiff reaffirms and realleges all previous allegations as if fully restated here, and further states:

2. Defendant McCracken County was deliberately indifferent to its employees' needs for training and supervision and reporting of sexual harassment.

3. Defendant McCracken County is vicariously liable for the offenses of Campbell.

4. Plaintiff claims the same damages as in Count I.

WHEREFORE, the Plaintiff, Allison Alexander, respectfully demands

1. Judgment against the defendant Tonya Ray,

2. Judgment against the defendant Chad Campbell,

3. Judgment against the Defendant McCracken County;

4. A trial by jury;

5. Compensatory and punitive damages against all defendants;

6. Her costs incurred herein; and

7. Any and all other relief to which she may appear entitled.

RESPECTFULLY SUBMITTED:

/s/ Ashley W. White
_____
Ashley W. White
White Law Office PLLC
701 Washington Street
Paducah, KY 42003


/s/ Richard D. Null

---

Richard D. Null
Attorney at Law
535 Broadway
Paducah, KY 42001

CO-COUNSEL FOR PLAINTIFF

## VERIFICATION

    Comes, Allison Alexander, the Plaintiff herein, and states that she has read the foregoing and that the statements and allegations contained therein are true and correct to the best of her information, knowledge, and belief.

*Allison L. Alexander*
Allison Alexander

| | |
|---|---|
| COMMONWEALTH OF KENTUCKY | ) |
| | : ss. |
| COUNTY OF MCCRACKEN | ) |

    I hereby certify that the foregoing was signed and acknowledged before me by Allison Alexander as and for her free act and deed, for all the purposes therein contained and according to law.

    GIVEN under my hand and seal of office on this the 4 day of May, 2018.

*Lydia Bowlin*
NOTARY PUBLIC, STATE AT LARGE

My commission expires: 12-17-20



Lydia M. Bowlin
Notary Public, ID No. 570029
State at Large, Kentucky
My Commission Expires on Dec. 17, 2020